**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ASHLEY IMMING,

      Imming,

v.                                                                                No. 2:23-cv-0378 GJF/DLM

OSVALDO DE LA VEGA, and
MESILLA CAPITAL
INVESTMENTS, LLC,

      Defendants.

## <u>MEMORANDUM OPINON AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff Ashley Imming's Motion to Compel Regarding Request for Production No. 9 (Doc. 64) and Plaintiff's Motion Regarding Document Marked as Confidential (Motion Regarding Confidentiality) (Doc. 65).[1] On April 9, 2024, the Court held a hearing on Imming's motion.[2] After review of the relevant law, briefing, and arguments by counsel, Imming has failed to demonstrate the information sought in Request for Production No. 9[3] is relevant to any parties' claim or defense and proportional to the needs of this case. Accordingly, the Court will Deny Plaintiff's Motion to Compel.

---

[1] The Motion Regarding Confidentiality seeks permission to file a document listing four properties as confidential. (Docs. 64 at 1; n.1; 65 at 1.) The Court finds that a document listing properties contains no confidential or sealable information and will allow Imming to file the referenced documents without designating it as confidential or requiring it be filed under seal. Functionally, the Motion Regarding Confidentiality (Doc. 65) is an exhibit to the Motion to Compel (Doc. 64), thus, the Court considers both Docs. 64 and 65 as one motion and will refer to both as the "Motion to Compel." The Court will only distinguish between the two filings in the decretal lines.

[2] The Court cites to the Liberty recording of the hearing.

[3] Imming labeled the request "Request for Documents." (Doc. 64-1 at 1.) The Court will refer to the discovery request as a Request for Production (RFP).

I.      **Procedural and Factual Background**

Imming filed this case on May 3, 2023, alleging New Mexico Voidable Transfers Act, Conversion, and Declaratory Judgment claims. (Doc. 1 at 13, 15, 16.) On May 31, 2023, Defendants filed a motion to dismiss alleging, in relevant part, a failure to state a claim upon which relief can be granted. (Doc. 5.) Imming filed a First Amended Complaint (FAC) on June 20, 2023, which proceeds only with a Piercing the Corporate Veil claim. (Doc. 10.) Imming claims that Defendant De La Vega transferred and concealed assets to Defendant MCI to avoid a judgement she secured against De La Vega for sexual harassment. (Doc. 10 ¶¶ 17–42, 133–62.)  On June 20, 2023, Defendants filed a second motion to dismiss addressing the sole claim in the FAC. (Doc. 15.)

United States Magistrate Judge Gregory J. Fouratt denied both motions to dismiss. (Docs. 23; 25.) Judge Fouratt found, in relevant part, the FAC states a plausible claim to pierce MCI's corporate veil. (*Id.* at 7.) This sole claim for Piercing the Corporate Veil alleges that piercing MCI's corporate veil is necessary to satisfy Imming's judgment against De La Vega because MCI does not exist as its own entity and is merely De La Vega's alter ego. (Docs. 1 ¶¶ 151–85; 10 ¶¶ 1–5.)

On February 6, 2024, Imming served De La Vega with her Second Set of Discovery, requesting the information at issue in Request for Production No. 9. (*See* Doc. 46.) The RFP states:

> During the period of January 1, 2022 through the present, please produce document(s) showing property tax bill(s) and payment for such bill(s) for the following property(ies).
>
> Penthouse - Cancun Mexico Isla Dorada, Zona Hotelera Calle Kukulcan, Jade 502 Cancun, Quintana Roo, Mexico
>
> House - San Miguel de Allende Calle Chorro #11 Centro Historico San Miguel de Allende, Mexico
>
> Condo - Cancun, Mexico Isla Dorada, Zona Hotelera

Calle Kukulcan, Diamante 402 Cancun, Quintana Roo, Mexico

Apartment - Cancun, Mexico Sm 13 M 1 L 17
Av Nizuc, 77504
Cancun, Quintana Roo, Mexico

(Doc. 64-1 at 1.) De La Vega objected to the request "as irrelevant and not reasonably calculated to lead to admissible evidence." (*Id.*)

On March 19, 2024, Imming filed the Motion to Compel. (Docs. 64–65.) Defendants filed separate responses to the documents comprising the Motion to Compel on April 2, 2024. (Docs. 77–78.) Imming replied on April 4, 2024. (Docs. 79–80.) The Court held a Motion Hearing on April 9, 2024. (Doc. 82.)

In her Motion to Compel, Imming asks for the tax records for the four properties in Mexico, which she contends belong to De La Vega. (Doc. 64 at 3.) She further argues that De La Vega testified he has no personal income, and the tax records may determine if MCI paid the property taxes. She believes this information could support her request to pierce MCI's corporate veil. (*Id.* at 4–5.) Defendants claim that the properties belong to Mesilla Capital Investments de Mexico, S. de R.L. (MCI Mexico), a non-party. (Doc. 78 ¶ 6.)

At the hearing, counsel for Imming argued that the tax payment receipts might demonstrate the nominal owner of MCI Mexico, revealing a connection between MCI or De La Vega and MCI Mexico. Determining this information would support piercing the corporate veil. (Rec'g at 2:33—4:00.) Counsel for Defendants, however, claimed they provided the deeds to the four properties to Imming demonstrating that MCI Mexico owns them. (*Id.* at 14:20—15:17.) Defense Counsel also pointed out that Imming has requested the Defendant's' financial information and subpoenaed their bank records and accountant. (*Id.* at 18:05—18:18.) Imming could not recall having seen the title documents. (*Id.* at 21:03—21:33.) Moreover, De La Vega's deposition testimony was the only

evidence suggesting that MCI moved money to Mexico.[4] (*Id.* at 31:45—32:11.) The Court asked Imming's counsel whether he could obtain the information he seeks from the named Defendants, and counsel stated they possessed MCI's bank records but did not have statements showing where transactions were specifically sent. (*Id.* at 26:55—27:33.) Imming's counsel also couldn't recall whether the records he reviewed showed any money moving from MCI to MCI Mexico. (*Id.* at 33:15—33:25.) He further assured the Court he would request individual bank statements to establish relevance and proportionality. (*Id.* at 43:25—43:45; 49:08—49:37).

I.      **Standard of Review**

"[T]he Tenth Circuit 'reviews [a] district court's ruling [on a discovery motion] for abuse of discretion.'" *Vargas v. Norris*, No. 22-cv-0182 WJ/GJF, 2023 WL 1070471, at *2 (D.N.M. Jan. 27, 2023) (quoting *United States v. Muhtorov*, 20 F.4th 558, 629–30 (10th Cir. 2021)). "Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Romero v. Core Civic, Inc.*, No. 1:21-cv-0544 KG/KRS, 2022 WL 4482733, at *2 (D.N.M. Sept. 27, 2022) (quoting Fed. R. Civ. P. 26(b)(1)).

"Relevant evidence is that which 'has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401). Proportionality is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Under our rules, parties to civil litigation are given broad discovery privileges."

---

[4] Counsel for Imming also stated that in a deposition, De La Vega stated money was "flowing between MCI and Mexico" but was unclear as to any specifics. (*Id.* at 27:37—28:09.)

*Regan -Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008). "Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses." *Romero*, 2022 WL 4482733, at *2 (citing *Landry v. Swire Oilfield Servs.*, L.L.C., 323 F.R.D. 360, 375 (D.N.M. 2018)).

## II.     Analysis

Although the Court denies Imming's Motion to Compel, it does not do so based on Defendants' unpersuasive objection. Defendants' objection failed to satisfy the Federal Rule of Civil Procedure 34(b)(2)(C) standard requiring an objecting party to "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 435 (D.N.M. 2022) (quoting *Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2016 WL 3743102, at *5 (D. Kan. July 13, 2016)). Defendants also failed to object with sufficient specificity to the request for tax records. *See City of Las Cruces v. United States*, Civ. No. 17-809 JCH/GBW, 2021 WL 5207098, at *10 (D.N.M. Nov. 9 2021) (finding general objections inconsistent with the specificity requirements of Federal Rule of Civil Procedure 33(b)(4).) (citations omitted). Instead, the Court denies the Motion to Compel because Imming has failed to articulate how the information requested in RFP No. 9 is relevant and proportional to the need of the case under Federal Rule of Civil Procedure 26(b)(1).

### a.     Imming did not demonstrate that information sought in the Motion to Compel is relevant and proportional to the needs of the case.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of material that is relevant to a party's claims or defenses. "Relevant evidence is that which 'has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.'" *Romero*, 2022 WL 4482733, at 2 (quoting Fed. R. Evid. 401).

Imming contends that De La Vega moved assets into MCI to avoid the judgment she secured against him. (Doc. 10 ¶ 160.) Imming further contends that De La Vega owns the four properties in Mexico and seeks the tax records to determine whether MCI paid the property tax, which would be evidence of comingling funds. (Doc. 64 at 4–5.) Defendants reject that claim, arguing that the financial form listing the four properties under De La Vega's name does not state or even imply that De La Vega personally owns the four properties. (Doc. 78 ¶ 5.) Defendants also argue that the information is not relevant because the four properties at issue are owned by a non-party and Defendants have provided significant discovery to that effect. (*Id.* ¶ 6.)

      *i.*       *Imming has not established that the documents she seeks are relevant.*

Under Rule 26(b)(1), Imming failed to establish that the information sought in Request for Production No. 9 is relevant and proportional. Although MCI Mexico's records are within the care, custody, or control of De La Vega, they are also tax records of a third party, which imposes two additional layers of protection from discovery. As an initial matter, non-parties "merit[] greater protection from any potentially burdensome discovery requests." *Burlington N. & Santa Fe Ry. Co. v. Garcia*, No. CIV 98-740 MV/RLP, 2000 WL 36740225, at *2 (D.N.M. Jan. 31, 2000) (citations omitted). Additionally, there is a public policy against requiring the production of tax records. *See id.* at *1 ("[C]ourts generally disfavor production of tax returns") (citations omitted).

As Imming admitted, she has not provided the Court with any evidence financially linking MCI to MCI Mexico. Instead, she presents only conjecture of how the information might demonstrate a link. She also does not explain why this discovery is necessary considering she possesses MCI bank records from which she could determine if MCI is transferring funds to MCI Mexico. Accordingly, Imming fails to demonstrate that the information is relevant. *See, e.g., Darwish v. Family Dollar Stores, Inc.*, Civil Action No. 09-cv-02764-MSK-MEH, 2010 WL

2086107, at *2 (D. Colo. May 20, 2010) (granting motion to quash subpoena, in relevant part, because plaintiff did not provide a factual basis for why information would be relevant); *Chung v. El Paso Sch. Dist. #11*, 14-cv-01520-KLM,2015 WL 1880372, at *6 (D. Colo. April 22, 2015) (denying a motion to compel tax records for failure to "articulat[e] a sufficient reason for their production").

      *ii.      Imming has not established that the information she seeks is proportional.*

The requested discovery is not proportional because information that may resolve the issue is already available. Accordingly, seeking tax records from MCI Mexico imposes unnecessary burden and expense on a non-party for tax records, which are generally protected from disclosure. As the Court highlighted earlier, the information requested in RFP No. 9 will not necessarily lead to discoverable information because, although Imming asserts the information might establish that MCI is paying taxes on the four properties, it is equally possible that MCI Mexico is paying its tax bills, in which case disclosure would have been unnecessary. Simply, without a showing of a financial link between MCI and MCI Mexico ordering disclosure of the documents requested in RFP No. 9 would amount to a fishing expedition. Imming already has deeds establishing who owns the four properties and access to MCI's bank records from which she could determine whether it sent any money to MCI Mexico without requiring additional discovery.

    **b. Defendants' arguments were substantially justified, and the Court will not award fees.**

    Having resolved the discovery dispute, the Court is left only to determine whether Imming should be awarded costs and fees. (Doc. 64 at 5.) Unless the nonmovant's litigation position was, inter alia, "substantially justified," Rule 37(a)(5) obligates a federal court to impose monetary sanctions against the party that comes out on the losing end of a motion to compel. Fed. R. Civ. P. 37(d)(1)(A)(ii). Substantial justification requires only a "legitimate position[]." *N.M. ex rel.*

*Balderas v. Real Estate L. Ctr.*, 429 F. Supp. 3d 996, 1008 (D.N.M. December 9, 2019) (citation omitted). A legitimate position rests soundly on any "justifi[cation] to a degree that could satisfy a reasonable person." *See, e.g.*, *Lester v. City of Lafayette*, 639 F. App'x 538, 542 (10th Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Indeed, Rule 37(a)(5) sets out an admittedly forgiving standard for determining whether a position is substantially justified. *See* Fed. R. Civ. P. 37(a)(5), Advisory Committee Notes, 1970 Amendment ("On many occasions, . . . the dispute over discovery between the parties is genuine, though ultimately resolved one way or [an]other . . . . In such cases, the losing party is substantially justified in carrying the matter to court."). *But see Pruess v. Presbyterian Health Plan, Inc.*, No. CIV 19-629 KG/JFR, 2022 WL 304571, at *10 (D.N.M. Jan. 12, 2022) (awarding sanctions for "stonewall[ing]" discovery requests with perfunctory answers like "it's a process" or that his clients "are working on it").

Here, fees and costs for the Motion to Compel are not warranted. (Doc. 64.) As the Court demonstrated, the inquiry as to whether the requested information is relevant and proportional required nuanced analysis. In other words, despite their improper objection, Defendants find themselves benefitting from Rule 37(a)(5)'s forgiving standards. Accordingly, the Court finds that Defendants' position for the Motion to Compel was substantially justified and will not award fees and costs.

### III.   CONCLUSION

As explained above, Imming failed to demonstrate that the evidence is relevant and proportional. For the foregoing reasons the Court DENIES Imming's Motion to Compel.

**IT IS THEREFORE ORDERED** that Imming's Motion to Compel (Doc. 64) is **DENIED**, and the parties shall bear their own costs and fees for both the Motion to Compel (Doc 64) and the Motion Regarding Confidentiality (Doc. 65).

**IT IS FURTHER ORDERED** that Imming's Motion Regarding Confidentiality is **GRANTED**, and she may file (Doc. 65-1) publicly and without designating it as confidential or as filed under seal.

       **SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE