UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ASHLEY IMMING,

    Plaintiff,

v.                                                                       No. 2:23-cv-0378 GJF/DLM

OSVALADO DE LA VEGA, and
MESILLA CAPITAL
INVESTMENTS, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel,[1] filed on May 13, 2024. (Doc. 98.) Having considered the motion and the relevant law, the Court will grant the motion for the reasons outlined in this Opinion.

**I.    Factual Background**

On March 13, 2024, Plaintiff Imming served her Third Set of Discovery on Defendant Osvaldo De La Vega (DLV) and Second Set of Discovery on Defendant Mesilla Capital Investments, LLC (MCI). (*See* Doc. 62.)[2] Then, on March 20, 2024, Plaintiff served her Fourth Set of Discovery on both Defendants. (Doc. 66.) DLV and MCI's deadline to respond to the discovery served on March 13, 2024, was April 12, 2024, while the response date for the Discovery served on March 20, 2024, was April 19, 2024. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). DLV and MCI responded to the three sets of discovery on April 20, 2024. (Docs. 98-1 at 7; 98-2

---

[1] The Motion to Compel relates to Plaintiff's Second, Third and Fourth set of discovery served on Plaintiffs Osvaldo De La Vega and Mesilla Capital Investments LLC. (Docs. 98-3; 98-1; 98-2.)

[2] Plaintiff's Motion to Compel does not provide the dates when the requests at issue were served on the Defendants. Thus, the dates noted in this Memorandum Opinion Order are based on the Court's review of all the certificates of service filed in this matter.

at 3; 98-3 at 4.)³ On April 25, 2024, counsel for Imming emailed a letter to counsel for DLV and MCI, requesting that the Defendants supplement or amend DLV's responses to Interrogatories No. 3, 5, and 6 to the Third Set of Discovery, and his response to Request for Production No. 14 to the Fourth Set of Discovery. (Doc. 98-4.) In the same letter, Imming requested that MCI supplements its response to Request for Production No. 9 relates to the Second Set of Discovery to MCI. (*Id.*) The letter also asked that counsel for Defendants provide times on either April 20 or May 1, 2024, so that the Parties could discuss the discovery issues. (*Id.*)

Imming filed her motion to compel on May 13, 2024. (Doc. 98.) DLV and MCI did not respond to the motion, and Imming filed a notice of completion of briefing on June 3, 2024. (Doc. 107.)⁴

**II.    Legal Standard**

A party may move for an order to compel discovery under Federal Rule of Civil Procedure 37(a) after providing notice and conferring or attempting to confer in good faith with the other party. "The party moving to compel discovery has the burden of proving the opposing party's answers [are] incomplete." *City of Las Cruces v. United States*, No. CV 17-809 JCH/GBW, 2021 WL 5207098, at *7 (D.N.M. Nov. 9, 2021) (quoting *Duran v. Donaldson*, No. 1:09-cv-758 BB/DJS, 2011 WL 13152655, at *2 (D.N.M. June 2, 2011)) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976)). Rule 33(b)(4) provides that "[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "While Rule 34 does not contain" the same explicit waiver

---

³ The Plaintiff's motion asserts that the Defendant's responses are untimely and there is nothing in the record indicating that the parties agreed to an extension to respond to the discovery.

⁴ Pursuant to D.N.M.LR-Civ. 7.4(a) "[a] response must be served and filed within fourteen (14) calendar days after the service of the motion." Based on this rule DLV and MCI's response would have been due on May 27, 2024.

language regarding RFPs, "courts have held that such a waiver is implied." *Brunson v. McCorkle*, No. 11-cv-1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) (gathering cases); *see also Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) (same).

### III. Analysis

#### A. Imming has demonstrated that DLV and MCI's responses were untimely and incomplete.

Responses by DLV and MCI to the Third Set of Discovery and Second Set of Discovery were due on April 12, 2024. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Responses to the Fourth Set of Discovery was due on April 19, 2024. (*Id*) DLV and MCI served their responses on April 23, 2024, *eleven* days after the applicable deadline for the Third and Second sets and 4 days after the deadline for the Fourth set. (Docs. 98-1 at 7; 98-2 at 3; 98-3 at 4.)

The Court finds that DLV and MCI's responses were untimely under the Rules. Additionally, DLV and MCI failed to respond to the motion and thus fail to show good cause for their untimely and incomplete responses. And, while the failure to respond to the motion constitutes the Defendants' consent to grant Imming's motion under D.N.M.LR-Civ. 7.1(b), the Court nonetheless must determine whether Imming has shown that the responses were incomplete.

**DLV's Responses to Third Set of Discovery Interrogatory Nos. 3, 5, and 6**

Imming has established that DLV's responses to her Third Set of Discovery are incomplete, and the Court will order DLV to supplement and fully respond to Interrogatory Nos. 3, 5, and 6 without objection.

**Interrogatory No. 3**

Interrogatory No. 3 asks:

Since February 13, 2020, please identify each loan Defendant De La Vega engaged in, including: (a) the day (day/month/year) of the loan; (b) the interest rate; (c) amount of the loan; (d) the term of the loan; (e) the date of payment( s) (if any);

3

and (f) and the source of money Defendant used to make the repayment(s) (i.e. bank account name I account number, cash from sale of property, etc.).

DLV's Response:

Defendant Dr. De La Vega does not retain documents from which the information responsive to this interrogatory can be derived. The information responsive to this discovery is best determined by review of the loan document subparts for (a) through (d). The dates of payments would be derived from the bookkeeping records for payments on any loans responsive to this interrogatory.

All documents for which this interrogatory can be answered have been produced either by discovery served on Defendants or by subpoenas Plaintiff has served on Defendants' banks and accountants. The burden of ascertaining the information requested by this interrogatory is equal to the parties. Pursuant to Rule 26(b)(2)(b). Defendant answers also by incorporating voluminous and exhaustive documents produced.

(Doc. 98-1 at 1–2.)

Imming argues that referring to the "voluminous and exhaustive documents produced" is improper and DLV has an obligation to identify the responsive documents. Additionally, Imming asserts that DLV "has not produced documents" that are responsive to the request. (Doc. 98 at 3–5.)

In lieu of answering an interrogatory, Rule 33(d) allows a party to respond by producing documents. Fed. R. Civ. P. 33(d). Rule 33(d) also requires the responding party to identify the documents they produce with enough detail that the requesting party can locate them. Fed. R. Civ. P. 33(d)(1). DLV's response has not met this standard. In both the related state case and this matter, the Plaintiff has served 25 sets of discovery on DLV and MCI. (Doc. 100 at 3–7). By his own response, DLV states that documents responsive to Interrogatory No. 3 are contained in the "voluminous and exhaustive documents produced." (Doc. 98-2 at 2.) DLV's answer to this request is akin to him telling Imming "go fish" and is not a proper response. *See Lucero v. Valdez*, 240 F.R.D. 591, 595 (D.N.M 2007) ("Simply referring a party to a mass of records . . . is not a sufficient

4

response [to a discovery request.]"). Accordingly, the Court Orders that DLV will fully answer Interrogatory No. 3 by clearly identifying the responsive documents by reference to the bates number. Additionally, to the extent additional responsive documents exist and have yet to be turned over, DLV must turn over those documents.

**<u>Interrogatory No. 5</u>**

>Interrogatory No. 5 asks:
>
>Identify the first date (day/month/year) the entity Defendant De La Vega identified in his June 8, 2023 deposition as "Mesilla Capital Investments de Mexico, S. de R.L." was created.
>DLV's Response:
>
>Defendant Dr. De La Vega does not possess or control any documents to answer this interrogatory, and has been attempting to establish the date this business was created.

(Doc. 98-1 at 1–2.)

Imming takes three positions as it relates to DLV's response. First, she asserts that DLV has previously admitted that he had transferred assets to Mesilla Capital Investments de Mexico, S. de R.L. Second, she argues that DLV has waived any objections to the request because his responses were untimely. Third, she asserts that DLV, as the only member of Mesilla Capital Investments de Mexico, S. de R.L., should be able to identify when the company was created. (Doc. 98 at 5–6) As part of her third reason requesting that the Court compel DLV to fully respond to Interrogatory No. 5, Imming states that "[her counsel]requested that [] DLV . . . identify what steps, if any he took to establish when he created Mesilla Capital Investments de Mexico, S. de R.L., as represented in his response. (*Id.* at 6.)[5]

---

[5] This last request is taken from a letter counsel for Imming wrote to counsel for DLV on April 25, 2024, concerning the DLV discovery responses and the requested information is not a part of any discovery request that has been placed in front of the Court. (Doc. 98-4 at 2.)

DLV's response to Interrogatory No. 5 is improper and the Court will order him to fully respond to the request without asserting any objections. DLV asserts that he "does not possess or control any documents to answer [the] interrogatory[.]" Clearly, DLV is trying to withhold information by asserting the only way to properly respond to the request is by producing documents as contemplated under Rule 33(d)(1) but that he cannot do so because he does not have those documents. However, Rule 34 requires production of documents the responding parties has in their control. Fed. R. Civ. P. 34(a)(1); *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *24 (D.N.M. Apr. 1, 2016) ("Simply put, if a person, corporation, or a person's attorney or agent can pick up a telephone and secure the document, that individual or entity controls it."). DLV is the sole owner and manager of Mesilla Capital Investments de Mexico, S. de R.L. Accordingly, even though the documents requested are those of a non-party, because DLV is the sole owner and member of that non-party, they are within his control, and the Court will order him to turn them over. However, the Court will not order DLV to provide a response to Imming's April 25, 2024 letter requesting information on steps taken by DLV to establish Mesilla Capital Investments de Mexico, S. de R.L. because that information is not requested in Interrogatory No. 5.

**Interrogatory No. 6**

Interrogatory No. 6 asks:

Identify: (a) which person(s)/entity(ies) has paid for Defendants' legal representation in *Ashley Imming f/k/a Ashley Corbus v. Osvaldo De La Vega and Southwest Health Services, P.A.* Case No. 2023DCV2757 (41st Judicial District, El Paso, Texas) ["Texas Litigation"]; (b) the method of how the money was paid (wire, check, cash, etc.) and (c) the name of the financial institution(s) and account number(s) from which the money was paid

DLV's Response:

The legal representation for the protection of MCI, LLC's assets has in the past been paid by MCI, LLC, and continues to be paid by MCI, LLC as necessary to manage and protect to MCI, LLC's separate assets. Payment was made by check from the MCI, LLC's Weststar Bank account number 4160401.

(Doc. 98-1 at 2–3.)

In her motion to compel, Imming takes the position that the answer to Interrogatory No. 6 is unresponsive because DLV responds that MCI itself has paid for the legal representation related to the protection of its assets, but the Texas litigation does not relate to Defendant MCI or its assets. Further, Imming asserts that the question as to who is paying for Defendants' legal representation in the State of Texas case has not been answered because MCI was not a part of that case, and its assets are not implicated in the case. (Doc. 98 at 6–7.) Although the interrogatory requests information related to the payment of "Defendants'" legal fees, the Court is unsure if Interrogatory No. 6 refers only to the Defendants involved in this case or the defendants in the State of Texas Case. The Court nonetheless believes that DLV's response is evasive and Orders that DLV respond to the interrogatory by specifically answering who paid the legal fees for DLV and Southwest Health Services P.S. in the State of Texas litigation.

### **DLV's Responses to Fourth Set of Discovery Request for Documents No. 14**

Imming has established that DLV's responses to her Fourth Set of Discovery are incomplete, and the Court will order DLV to supplement and fully respond to Request for Documents No. 14 without objection.

### **Request for Documents No. 14**

Request for Documents No. 14 asks:

Since February 14, 2020, document(s) showing payment for Defendant Osvaldo De La Vega's travel to and from Mexico.

7

>    DLV's Response:
>
>    All documents responsive to this request and in Defendant Dr. De La Vega's possession or control would be the Mesilla Capital Investments, LLC's Quickbooks [sic] file previously produced. Plaintiff obtained Defendant Mesilla Capital Investments, LLC's Quickbooks [sic] file in a native format which was produced on January 15, 2024, in response to a post-judgment discovery request in Ashley Corbus f/k/a Ashley Imming v. Osvaldo De La Vega and Southwest Health Services, PA., D-307-CV-2017-00389. The Quickbooks [sic] records produced begin in February, [sic] 2020, and reflect all payments made by Mesilla Capital Investments, LLC for travel responsive to this request. Defendant has no other responsive documents in his possession or control.

(Doc. 98-2.)

In her motion, Imming asserts that "DLV's QuickBooks are not completely responsive to the Request, as the Request sought documents after January 15, 2024." (Doc. 98 at 8.) Imming does not clearly explain why the QuickBooks are not completely responsive. Imming seemingly asks that the documents responsive to this request be supplemented from January 15, 2024, to the present by citing a New Mexico Supreme Court Case. (*Id.* (citing *United Nuclear Corp. v. General Atomic Co.*, 629 P.2d 231, 245–46 (N.M. 1980).) The Court need not refer to a forty-four-year-old, one hundred- and thirty-page, non-binding state court opinion to resolve the dispute. Rule 26(e) provides that parties shall supplement interrogatories and requests for productions in a timely manner or as ordered by the court. Fed. R. Civ. P. 26(e)(1). Accordingly, the Court Orders DLV to supplement his responses to this request. DLV shall note, by bates stamp number, the specific documents responsive to this request. Additionally, DLV shall produce responsive documents from January 15, 2024, to the present, again noting by bates stamp number the documents that are responsive to the request. Finally, DLV shall also supplement this request periodically.

8

### MCI's Responses to Second Set of Discovery Request for Documents No. 9

MCI's response to Request for Documents No. 9 is improper and the Court will order MCI to supplement and fully respond to the request without objections.

**Request for Documents No. 9**

Request for Documents No. 9 asks:

> Since February 13, 2020, document(s) showing payment(s) for line(s) of credit or mortgage(s) for real estate in which Defendant Mesilla Capital Investments, LLC has an ownership interest.

MCI's Response:

> Plaintiff is in possession of Defendant Mesilla Capital Investments, LLC's Quickbooks [sic] file in native format which was produced on January 15, 2024, in response to a post judgment discovery request in *Ashley Corbus f/k/a Ashley Imming v. Osvaldo De La Vega and Southwest Health Services, P.A.*, D-307-CV-2017-00389. The Quickbooks [sic] records produced are responsive to this request, and begin in February, [sic] 2020, and reflect all payments made by Mesilla Capital Investments, LLC for lines of credit or mortgages for real estate in which Mesilla Capital Investments, LLC has an ownership interest.

(Doc. 98-3.)

Concerning this request, Imming again asserts that the QuickBooks records that were produced and referenced in MCI's response "are not completely responsive to the Request, as the Request sought documents <u>after</u> January 15, 2024." (Doc. 98 at 9.) Once again, Imming does not clearly state how the record disclosure is incomplete. The Court can only surmise that Imming's statement that "the Request sought documents <u>after</u> January 15, 2024[]" (*Id.*) means that responsive documents were produced, but potentially responsive documents from January 15, 2024, to the present were not. Simply, Imming asks that the Request be supplemented. For the reasons the Court required DLV to supplement Request for Documents No. 14, the Court will require MCI to supplement its responses to this request. MCI shall note, by bates stamp number, the specific documents responsive to this request. Additionally, MCI shall produce responsive

9

documents from January 15, 2024, to the present, again noting by bates stamp number the documents that are responsive to the request. Finally, MCI shall supplement this request periodically.

The Court will order DLV and MCI to supplement their responses to the interrogatories as outlined above no later than July 9, 2024. Should DLV and MCI meet the deadline, the Court will not award sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 99) is **GRANTED**. DLV and MCI shall provide full responses and/or supplemental the discovery responses as outlined in this Opinion no later than **5:00 p.m. MDT** on **Thursday, July 9, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's request for fees is **DENIED** at this time with leave to refile if DLV and MCI fail to submit supplemental responses as directed.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE