UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ASHLEY IMMING,

    Plaintiff,

v.      Civ. No. 2:23-378 GJF/DLM

OSVALDO DE LA VEGA and
MESILLA CAPITAL INVESTMENTS, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint ("Motion to Amend") [ECF 93] and Plaintiff's Motion Regarding Document Marked as Confidential ("Plaintiff's Motion to Unseal") [ECF 94]. Plaintiff's Motion to Amend is fully briefed [*see* ECFs 93, 103–04], and Defendants did not respond to Plaintiff's Motion to Unseal. Having thoroughly considered the briefs, the parties' arguments, and the relevant law, the Court will **GRANT** both motions.

**I. BACKGROUND**

On January 10, 2024, the Court entered a Scheduling Order giving Plaintiff until May 1, 2024, to amend her First Amended Complaint ("FAC") or join additional parties. ECF 38 at 1. Just before that deadline, on April 30, 2024, Plaintiff moved for leave to file a Second Amended Complaint ("SAC"). *See* ECF 94. The SAC proposes to add claims against two parties not previously joined as defendants in this litigation: Southwest Health Services, P.A.[1] ("SWHS") and Mesilla Capital Investments de Mexico, S. De. R.L. ("MCI Mexico"). ECF 93-1. Plaintiff reasserts

---

[1] Although the SAC concedes that SWHS, De La Vega's former medical practice, "is not a going concern today," ECF 93-1 ¶ 17, this is not the basis on which Defendants oppose the proposed amendment.

the singular claim contained in her First Amended Complaint ("FAC") for piercing the corporate veil against Mesilla Valley Investments, LLC ("MCI") and Osvaldo De La Vega ("De La Vega") (*id*. ¶¶ 193–251), but she also includes a similar piercing the corporate veil claim against MCI Mexico (*id*. ¶¶ 252–88). In addition, Plaintiff asserts claims under the New Mexico Voidable Transfers Act against MCI Mexico, SWHS, and De La Vega. *Id*. ¶¶ 289–328. And finally, she brings alter ego claims for declaratory and injunctive relief against De La Vega, MCI, and MCI Mexico. *Id*. ¶¶ 329–86.

Underlying each of these claims is Plaintiff's allegation that, after she filed a sexual harassment suit against De La Vega for conduct she endured while employed by SWHS, De La Vega concealed his assets from her reach by transferring them to MCI and MCI Mexico, two entities that he controls. Plaintiff contends that, by doing so, De La Vega has been able to fund his lifestyle while preventing her from collecting on the judgment[2] entered in her favor and against De La Vega in the Third Judicial District Court for the State of New Mexico.

## II. PARTIES' PRIMARY ARGUMENTS

### A. Defendants' Contentions

Defendants contend that Plaintiff was previously aware of the alleged conduct underlying the proposed SAC and yet has failed to provide an adequate explanation for her delay in amending claims. Relatedly, Defendants argue that the reappearance of Plaintiff's voidable transfer claims in the proposed SAC is indicative of gamesmanship and suggests a failure to cure deficiencies by prior amendment. Finally, Defendants emphasize that permitting Plaintiff to amend her complaint

---

[2] In the underlying sexual harassment litigation, the state trial court entered judgment against De La Vega and SWHS in the amount of $897,917.07, plus 15% interest, which has accrued to over $1.2 million today. ECF 10 ¶¶ 3, 40–42; ECF 93-1 ¶ 69.

to join MCI Mexico as a defendant would be futile, as Plaintiff has failed to sufficiently allege a basis for personal jurisdiction over it.

### B. Plaintiff's Contentions

For her part, Plaintiff maintains that her Motion to Amend is timely and not the product of undue delay or bad faith. Further, she contends that Defendants have demonstrated neither undue prejudice nor a failure to cure deficiencies by prior amendment. Finally, Plaintiff insists that the proposed SAC sufficiently alleges that MCI Mexico had minimum contacts with New Mexico such that this Court may exercise personal jurisdiction over it.

## III. APPLICABLE LEGAL STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a pleading where "justice so requires." Rule 15(a)(2) aims to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). If the movant fails to satisfy Rule 15(a)'s "justice so requires" standard, the district court does not abuse its discretion in denying a motion to amend. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019) (citation omitted).

## IV. ANALYSIS

As a preliminary matter, the Court takes up Plaintiff's Motion to Unseal, in which she explains that Defendants previously designated certain documents containing De La Vega's

financial statements—Exhibits 3, 4, and 12 to the proposed SAC—as confidential. ECF 94 at 1. Plaintiff represents that there is no sealable information contained within those financial documents, and she seeks permission to file them "publicly" on the docket. *Id*. Plaintiff reports that she did not receive a response from Defendants when she sought their concurrence. *Id*. Defendants have not filed a response to Plaintiff's Motion to Unseal, and the time for doing so has passed. Accordingly, the Court considers Defendants' failure to respond as consent to grant the Motion. *See* D.N.N.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the prescribed time for doing so constitutes consent to grant the motion."). Plaintiff's Motion to Unseal is therefore granted, and Plaintiff may file Exhibits 3, 4, and 12 on the docket without access restrictions.

      Turning to Plaintiff's Motion to Amend, the Court notes the proposed SAC attempts to add: (1) a piercing the corporate veil claim against MCI Mexico; (2) New Mexico Voidable Transfer Act claims against MCI Mexico, De La Vega, and SWHS; and (3) alter ego claims for declaratory and injunctive relief against MCI, De La Vega, and MCI Mexico. *See* ECF 93-1. From Defendants' perspective, these proposed amendments come too late. Because Plaintiff has obtained extensive discovery in parallel state court litigation, Defendants suggest that Plaintiff was previously aware of the alleged conduct underlying the proposed SAC. ECF 102 at 10. Defendants insist for instance that Plaintiff has long known of SWHS and its relationship to the parties and claims in this case. *Id*. at 11. Indeed, they observe that the underlying state court judgment—the very judgment on which Plaintiff attempts to collect in the present litigation—was entered *against SWHS* in addition to De La Vega. *Id*. In Defendants' view, Plaintiff's present attempt to add claims against SWHS is untimely and demonstrates undue delay and bad faith. *Id*. Defendants lodge similar complaints with respect to Plaintiff's claims against MCI Mexico. Defendants emphasize

that Plaintiff became aware of MCI Mexico at least by July 8, 2023, when she took De La Vega's deposition in the parallel state court proceedings. *Id*. Observing that her Motion to Amend was filed almost a year after that deposition, Defendants characterize the SAC's claims against MCI Mexico as an untimely "reset of this federal proceeding with entirely new parties and new, albeit recycled, causes of action." *Id.* More broadly, Defendants argue that Plaintiff "already knew of the underlying conduct" alleged in the proposed SAC and "is unable to show good cause under Rule 16(b) for failing to raise [her] claims earlier." *Id*. at 10.

Plaintiff rejects Defendants' position that the SAC is untimely and accuses Defendants of "misconstru[ing] the applicable standard." ECF 104 at 4. To be sure, Plaintiff's Motion to Amend, which was filed within the deadline established by the Court's Scheduling Order, is governed by Rule 15(a)(2)'s more liberal "justice so requires" standard, rather than the Rule 16(b) "good cause" standard that Defendants invoke.[3] And notably, the Motion to Amend was filed ten months in advance of the Court's trial setting, which from Plaintiff's perspective leaves adequate time for the parties to conduct any necessary additional discovery. *Id*. at 2. To the extent there has been a delay, Plaintiff attributes it to Defendants. She explains that the proposed SAC contains documents that could only be used once subject to a confidentiality order, but she laments that Defendants "refus[ed] to enter a Confidentiality Order for more than six months." *Id*. at 5. The record confirms that Plaintiff's Motion to Amend and the 49-page proposed SAC were filed within a month of the Court's entry of the Confidentiality Order. *Compare* ECF 75, *with* ECF 93.

On the present record, the Court does not perceive undue delay, bad faith, or dilatory motive on the part of Plaintiff in the filing of her Motion to Amend. Although Plaintiff may have

---

[3] Rule 16(b)(4) applies when a party asks the Court to modify a Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4). As discussed above, Plaintiff's Motion to Amend abides by the deadline the Court imposed in its Scheduling Order for adding parties and amending her complaint.

previously been aware of SWHS and MCI Mexico and their affiliation with De La Vega, recent discovery appears to have supplied portions of the factual basis underlying Plaintiff's claims against these defendants in the latest iteration of her complaint. *See, e.g.*, ECF 93-1 at 109–14, Ex. 9 (De La Vega's March 1, 2024 Responses to First Set of Discovery); *id*. at 130, Ex. 13 (March 21, 2024 Vehicle Search Record); *id*. at 147-51, Exs. 18 & 19 (February 14, 2024 Affidavits of Christian and Marco De La Vega); *id*. at 156-64 Ex. 21 (February 2, 2024 Petition to Quiet Title); Ex. 23 (March 20, 2024 vehicle registration reports). That it took time for Plaintiff to develop the claims in her SAC does not necessarily indicate *undue* delay or dilatory motive, especially given her plausible explanation surrounding the entry of a Confidentiality Order. In sum, where Plaintiff filed her Motion to Amend well in advance of trial, within the deadline established by the Court, and without any identifiable delay attributable to her, the circumstances weigh in favor of granting leave to amend.

Defendants make a related argument that Plaintiff failed to cure deficiencies by prior amendment such that the Court should deny her present amendment request. *See* ECF 103 at 11–12. Specifically, they assert that Plaintiff proposes to add New Mexico Voidable Transfer claims that were previously asserted in her initial complaint and then withdrawn in the FAC she filed in response to Defendants' motion to dismiss. *Id*. at 11. That Plaintiff previously asserted and later withdrew voidable transfer claims is not the whole story. As Plaintiff clarifies in her reply brief, she is not reasserting the same voidable transfer claims previously included in her initial complaint. Rather, the proposed SAC now asserts that, during the pendency of the underlying sexual harassment litigation, De La Vega transferred assets to create MCI Mexico, using the proceeds from the sale of SWHS to do so. *See* ECF 93-1 ¶¶ 289–328. In contrast, Plaintiff's initial complaint alleged that De La Vega transferred assets *to MCI* in violation of the New Mexico Voidable

6

Transfers Act. *See* ECF 1 ¶¶ 114–35. In other words, Plaintiff's earlier voidable transfer claims were premised on different transfers to different entities. Under the liberal amendment standards applicable to the present dispute, the Court cannot agree with Defendants that the reappearance of voidable transfer claims—this time against De La Vega, MCI Mexico, and SWHS—is indicative of a failure to cure deficiencies by prior amendment that would counsel against permitting amendment.

Next, Defendants argue that they have been unduly prejudiced by the instant Motion to Amend, which they characterize as "part of a tactical strategy of harassment by litigation." ECF 103 at 13. By way of example, Defendants point to Plaintiff's renewed jury demand in the SAC, which comes after Plaintiff's counsel agreed to abandon their jury demand and after the parties' Joint Status Report and Provisional Discovery Plan confirmed a bench trial. *Id*. at 12. But Plaintiff clarifies in her reply brief that inclusion of a jury demand in the SAC was nothing more than a scrivener's error. ECF 104 at 1 n.3.

Apart from the apparently moot jury demand issue and Defendants' conclusory accusation of harassment by litigation, Defendants have articulated no specific prejudice arising from the proposed SAC. And the Court discerns no unfair obstacle to Defendants defending against Plaintiff's claims, including those made anew in the SAC. Despite the time that has elapsed during the briefing of Plaintiff's Motion to Amend and since, eight months remain until the scheduled bench trial. Even if an extension of the September 6, 2024 discovery deadline becomes necessary due to the introduction of new claims against new parties, this alone does not constitute an injustice to the present defendants nor to those to be added by virtue of the SAC. On the other hand, substantial injustice *could* result if the Court were to deny Plaintiff the opportunity to pursue claims against the entities to whom she insists De La Vega unlawfully transferred assets to avoid

satisfying the state court judgment in her favor. Under the circumstances of this case and given the case's present posture, the Court finds no unfair prejudice to Defendants, which weighs in favor of granting leave to amend.

In their final argument in opposition to Plaintiff's Motion to Amend, Defendants contend that granting leave to amend is futile because the proposed SAC fails to allege a sufficient basis for exercising personal jurisdiction over MCI Mexico, a foreign entity. ECF 103 at 12. As Defendants describe it, Plaintiff "proposes to join an entity created, existing and operating in Mexico for ownership and management of investment properties." *Id*. Defendants emphasize that Plaintiff alleges that MCI Mexico was created during the course of the underlying state court sexual harassment litigation, not *after* judgment was entered against De La Vega. *Id*. Given the timing of MCI's creation, Defendants suggest that the SAC lacks "allegations sufficient for jurisdiction." *Id*.

Plaintiff, on the other hand, insists that the proposed SAC alleges an adequate basis for personal jurisdiction over MCI Mexico. In her view, she has alleged facts to support a finding of minimum contacts between MCI Mexico and the forum: (1) that MCI Mexico purposefully directed activities at residents of the forum state (*i.e.*, New Mexico); (2) that Plaintiff's injury arose from those purposefully directed activities; and (3) that exercising jurisdiction over MCI Mexico comports with traditional notions of fair play and substantial justice, where De La Vega is attempting to avoid satisfaction of a judgment against him through the transfer of assets to corporate entities that he uses as "his personal piggy-bank." ECF 104 at 8–9, 12 (citing ECF 93-1 ¶ 366). Based on its review of the proposed SAC, the Court agrees that Plaintiff has alleged a basis for personal jurisdiction over MCI Mexico. *See Campañia de Inversiones Mercantiles, S.A. v.*

*Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1281 (10th Cir. 2020) (citations omitted) (discussing the factors for determining minimum contacts by a foreign entity).

Under the SAC's subheading "Each Defendant has Minimum Contacts with the State of New Mexico," Plaintiff alleges, first, that "MCI Mexico has a single owner, and a single member," De La Vega, "who is a New Mexico resident and citizen." ECF 93-1 ¶ 31. Next, Plaintiff asserts that MCI Mexico "purpose[fully] directed activities at New Mexico, including transferring money electronically to [De La Vega,] which [De La Vega] used to fund his lifestyle, while claiming he was too poor to pay the Final Judgment." *Id*. ¶ 32. Plaintiff recounts De La Vega's testimony that "MCI Mexico and . . . MCI are tied together, through some legal document" and that, for example, MCI Mexico's properties are declared on MCI's U.S. tax returns. *Id*. ¶¶ 33, 35 (internal quotation marks omitted). Plaintiff explains that De La Vega personally owned real estate in Mexico for years, but De La Vega transferred real estate to MCI Mexico, sometime after Plaintiff filed suit against him for sexual harassment, without receiving consideration in return. *Id*. ¶ 36. Plaintiff further alleges that, during the pendency of the underlying sexual harassment suit, De La Vega also sold his medical practice (SWHS) and used the proceeds from that sale to partially fund MCI Mexico. *Id*. ¶¶ 49–52, 55. Plaintiff highlights De La Vega's testimony that MCI and MCI Mexico pay most of his living expenses, which she suggests has had the effect of preventing her from collecting on the state court judgment through garnishment or otherwise. *Id*. ¶¶ 59–60. Thus, for present purposes, the Court is satisfied that these allegations in the proposed SAC sufficiently allege a basis for exercising personal jurisdiction over MCI Mexico. If Defendants wish to develop their argument that personal jurisdiction is wanting, they may do so through a pre-answer motion.

In sum, the Court finds no undue delay, bad faith, or dilatory motive on Plaintiff's part, no undue prejudice to Defendants, no failure by Plaintiff to cure deficiencies by amendments

9

previously allowed, and no futility of amendment. As such, and in the interests of justice, the Court will grant Plaintiff leave to amend her complaint as proposed.

## V.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF 93] is **GRANTED**. Plaintiff should file her Second Amended Complaint within ten (10) days of entry of this Order, and she may do so without restricting access to Exhibits 3, 4, and 12.

**SO ORDERED.**

*[Signature]*

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*