IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASHLEY IMMING,

      Plaintiff,

v.                                                                                   No. 2:23-cv-0378 GJF/DLM

OSVALDO DE LA VEGA;
MESILLA CAPITAL
INVESTMENTS, LLC;
SOUTHWEST HEALTH SERVICES, P.A.;
and MESILLA CAPITAL INVESTMENTS
de MEXICO, S. de R.L.;

      Defendants.

## ORDER

**THIS MATTER** is before the Court on Defendants'[1] Motion to extend the automatic stay of Southwest Healthcare Services, P.A. (Southwest Health) to its co-Defendants. (Doc. 172.) On August 29, 2024, Southwest Health filed a Suggestion of Bankruptcy in which it suggested that the entire action was stayed by operation of 11 U.S.C. § 362. (Doc. 154.) On October 10, 2024, Defendant filed a Motion regarding the extension of the automatic stay pursuant to the Court's Amended Order setting a briefing schedule on the matter. (Docs. 166; 172.) For the reasons stated below, the Court declines to extend the automatic stay to the Southwest Health's co-Defendants, or enjoin action against them, because the bankruptcy court is better suited to addressing the issues.

### I.    Legal Standard

The Tenth Circuit has stated that § 362 operates to "stay proceedings *only* to actions against the debtor" and does not "extend the stay to causes of action against *solvent co-defendants* of the

---

[1] At the Motion Hearing, the Court clarified with Defense counsel that he filed the Motion only on behalf of De la Vega and Mesilla Capital Investments, LLC because MCI Mexico has not appeared, and the matter was automatically stayed against Southwest Health by operation of 11 U.S.C. § 362.

debtor." *Fortier v. Dona Ana Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) (emphasis added). The Tenth Circuit, however, has since identified a "narrow exception" allowing a stay against solvent co-defendants of the debtor where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994). Relatedly, the Tenth Circuit has noted certain circumstances in which bankruptcy courts have enjoined actions against non-debtors where "the debtor's interests, and not those of nondebtors" are at stake. *In re Med. Mgmt. Grp.*, Nos. WO-03-004, 01-14494-WV, 2003 WL 21487310, at *6 (B.A.P. 10th Cir. June 27, 2003).

The Court notes that this District has not specifically determined that *only* a bankruptcy court may extend an automatic stay to solvent co-defendants. *See Leach v. SkyWi, Inc.*, No. CIV 09-1050 BDB/WDS, 2010 WL 11618808, at *1 (D.N.M. Oct. 13, 2010) ("This Court does not agree with Plaintiff that the *Fisher* court specifically found that only a bankruptcy court can extend the automatic stay of § 362(a)(1)) (citing *Fish Sand & Gravel Co. v. Western Surety Co.*, No. CV 09-727 WPL/RLP, 2009 WL 4099768 (D.N.M. Oct. 20, 2009)). The Court further notes that the "Tenth Circuit is [also] silent on . . . [whether] only a bankruptcy court can extend the stay of § 362(a)(1)." *Leach*, 2010 WL 11618808, at *2. A district court may, nevertheless, determine that a bankruptcy court is better suited to determining whether to extend a stay because "it is in a better position to assess the impact of litigation against a solvent co-defendant and to decide whether an extension of the stay to such defendants will advance the purposes of § 362 by protecting the debtor and the bankruptcy estate." *Id.*

II.   **Analysis**

In relevant part, only Count 4 relates to debtor Southwest Health. (Doc. 116 at ¶¶ 308–

2

328.) In Count 4, Plaintiff alleges that De La Vega and Southwest Health violated the New Mexico Voidable Transfers Act by selling Southwest Health while her state lawsuit was pending and transferred the proceeds to MCI and MCI Mexico. (*Id.* ¶¶ 309–316.) The remaining five claims relate to De La Vega and MCI or MCI Mexico. (*See* Doc. 116 ¶¶ 193–307, 329–86.)

The Court believes the issue of whether to extend the automatic stay is best left to the bankruptcy court because it is in a better position to assess the issue. As an initial matter, the automatic stay provision "may not be invoked by nondebtors who are related to the Debtor in some way." *In re Med. Mgmt. Grp.*, 2003 WL 21487310, at *6. Indeed, "[i]t is well-settled that [§ 362], which stays actions against the debtor and against property of the estate, does not forbid actions against its nondebtor principals, partners, officers, employees, co-obligors, guarantors, or sureties." *Id.* The Court acknowledges that Defendants argues that a number of provisions of the bankruptcy code relating to property of a bankruptcy estate are implicated by Plaintiff's claims. (*See* Doc. 172 at 4–6.) Throughout this case, however, Southwest Health has represented that it has no assets and is separate and legally distinct from each and every co-Defendant. At first glance, it appears Defendants' position in the Motion is inconsistent with Southwest Health's assertions in the case thus far. The Court does not, however, discount the possibility that Defendants' representations to the Court *are* consistent with its position in its Motion, but finds that the bankruptcy court would be better suited to making that determination.

The Court also notes that bankruptcy courts occasionally enjoin actions against non-debtor co-defendants.[2] *See In re Med. Mgmt. Grp.*, 2003 WL 21487310, at *6. To do so, however, "[t]he

---

[2] The Court notes that, for the sake of simplicity, it does not discuss or assume that Defendants satisfied any of the four elements necessary to obtain an injunction. The Court addresses this only because the briefing and the arguments at the Motion Hearing appeared to conflate the standard to extend the § 362 automatic stay and the standard to enjoin action against non-debtor co-defendants. Under either analysis, however, the Court declines to take action because it believes the bankruptcy court is best positioned to do so. The Court further notes that nothing in this Order should be interpreted as precluding Defendant from filing a motion seeking the same relief with the bankruptcy court.

pivotal question is whether the debtor will suffer irreparable harm if the proceedings against the nondebtor go forward." *Id.* (citation omitted). In other words, the Court may not enjoin an action against co-defendants based merely on a plaintiff's allegations. The inquiry here would be whether the Southwest Health will, in fact, be harmed by a judgment against any of its co-Defendants. As stated above, Defense counsel has represented that Southwest Health has no assets and is separate and legally distinct from each and every co-Defendant. Based on those representations, the Court cannot find that Southwest Health would, in fact, be harmed by a judgment against any of its co-Defendants. Moreover, as Plaintiff stated during the Motion Hearing (Doc. 183), any recovery she obtains against Southwest Health's co-Defendants will help, rather than hurt, the bankruptcy estate because any such amount will count against what she may recover of Southwest Health's alleged total assets of $400.00. The Court, therefore, finds it cannot enjoin any action against the remaining co-Defendants.

**IT IS THEREFORE ORDERED** that Defendants' Motion to extend the automatic stay of Defendant Southwest Health to the remaining co-Defendants is **DENIED**.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE