UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ASHLEY IMMING,

    Plaintiff,

v.                                                     Civ. No. 23-378 GJF/DLM

OSVALDO DE LA VEGA, MESILLA
CAPITAL INVESTMENTS, LLC,
SOUTHWEST HEALTH SERVICES,
P.A., and MESILLA CAPITAL
INVESTMENTS De MEXICO, S. de. R.L.,

    Defendants.

## ORDER RESULTING FROM PRETRIAL CONFERENCE

THIS MATTER is before the Court on various matters discussed at the Final Pretrial Conference held on March 4, 2025. *See* ECF 240 (Clerk's Minutes). For the reasons stated on the record, IT IS ORDERED THAT:

1. Plaintiff's Motion in Limine No. 1 [ECF 220] is DENIED.

2. Plaintiff's Motion Regarding Document Marked as Confidential [ECF 221] is GRANTED and Exhibit 5 to Plaintiff's Motion in Limine No. 1 is UNSEALED.

3. Plaintiff's Motion in Limine No. 2 [ECF 222] is GRANTED IN PART AND DENIED IN PART. Insofar as Plaintiff seeks to prohibit Defendants from presenting the testimony of Karen Dahlin at trial on the basis that she was not properly noticed or disclosed, the motion is DENIED. To the extent Plaintiff objects to Ms. Dahlin's testimony on the basis of relevance and the Best Evidence Rule, the Court will take the motion UNDER ADVISEMENT and will permit Plaintiff to renew these objections at the time Ms. Dahlin offers testimony. To the extent Plaintiff seeks to prohibit Defendants from presenting

evidence of title documents not already submitted to the Court as potential exhibits, the Motion is GRANTED.

4. Stipulated Exhibits 1 through 7 are ADMITTED. *See* ECF 237.

5. Defendants' objections to Plaintiff's Exhibits[1] 8–29, 30–31, 34, 37–38, 40–42, 44 are OVERRULED, and these exhibits are ADMITTED.

6. Defendants having either failed to object or withdrawn their objections to Plaintiff's Exhibits 32–33, 35, 45–46, these exhibits are ADMITTED.

7. Defendants' objections to Plaintiff's Exhibit 39 are SUSTAINED.

8. Defendants' objections and the admissibility of Plaintiff's Exhibit 41 are taken UNDER ADVISEMENT.

9. Plaintiff's objection to being called as a witness in Defendants' case in chief is OVERRULED, but Plaintiff's counsel will be permitted to assert specific objections during the course of Plaintiff's trial testimony.

10. Plaintiff having asserted no objections to Defendants' deposition transcript designations, the Court will permit Defendants' use of those designations during trial.

11. The parties shall file, no later than **5:00 p.m. MDT on the 21st day after the trial transcript is published in CM/ECF**: (a) simultaneous written closing arguments not to exceed 30 pages, and (b) post-trial proposed findings of fact and conclusions of law. In addition to filing these documents, the parties shall submit Microsoft Word versions of their post-trial proposed findings and conclusions via e-mail to chambers.

---

[1] The Court's references to "Plaintiff's Exhibits" correspond to the exhibits identified in Plaintiff's Contested Exhibit List [ECF 238].

2

Having previously taken under advisement the admissibility of Plaintiff's Exhibits 36 and 43, the Court will now SUSTAIN Defendants' objections to those exhibits under Rule 403. Plaintiff's Exhibit 36 is an Order Granting in Part Motion to Compel and for Sanctions and Motion for Injunctive Relief, which was entered on December 6, 2024, by Judge Casey Fitch in the underlying state court litigation. ECF 238-29. Plaintiff's Exhibit 43 is an Order on Plaintiff's Notice of Nonsuit and Dismissal with Prejudice, which was entered on September 23, 2024, by Judge Annabell Perez in related litigation in a Texas state court. ECF 238-36. In short, Plaintiff's Exhibits 36 and 43 contain findings by Judges Fitch and Perez that Defendant De La Vega was untruthful in various respects. *See* ECFs 238-29; 238-36. Plaintiff seeks admission of these state court orders as evidence against Defendant Osvaldo De La Vega's credibility and as evidence of his state of mind. *See* ECF 240 at 3 (Clerk's Minutes). Because neither Judge Fitch nor Judge Perez will present live testimony at trial or be subject to cross-examination concerning their assessments of Defendant De La Vega's credibility, and because the Court is not privy to these judges' decision-making processes in other cases in other forums, the Court concludes that the probative value of Plaintiff's Exhibits 36 and 43 is substantially outweighed by a danger of unfair prejudice and wasting time. *See* Fed. R. Evid. 403. As such, the Court will not admit these exhibits as substantive evidence. This is not to say that Plaintiff may not question Defendant De La Vega about the judicial findings contained within these state court orders or the circumstances underlying them so long as that questioning is consistent with Rule 608.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*