UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ASHLEY IMMING,          Case No: 2:23-CV-00378-GJF-DLM

    Plaintiff,

      vs.

OSVALDO DE LA VEGA, MESILLA
CAPITAL INVESTMENTS, LLC,
SOUTHWEST HEALTH SERVICES,
P.A.; AND, MESILLA CAPITAL
INVESTMENTS DE MEXICO, S. DE.
R.L.,

    Defendants.

## STIPULATED ORDER AUTHORIZING SALE OF
## 3875 FOOTHILLS ROAD, LAS CRUCES, NM

This matter comes before the Court based on Defendant Osvaldo De La Vega's ("Defendant DLV") Declaration [Doc. #275], filed with the Court on November 6, 2025, Defendant DLV's supplemental documents [Doc. #278] filed on November 18, 2025, and the Status Conferences held November 4, 2025 and November 18, 2025.

Defendant DLV requests the Court allow Defendant Mesilla Capital Investments, LLC ("Defendant MCI") to sell a piece of real estate owned by Defendant MCI, known as 3875 Foothills Road, Las Cruces, New Mexico (the "Property") to SMBC Leasing and Finance, Inc. ("SMBC"), as assignee of Bio-Medical Applications of New Mexico, Inc., free and clear of the Court's prior orders in the above-captioned action, including, without limitation the Order entered on September 24, 2025 [Doc. #259] (the "Transfer Restriction Order").

Having found that good cause exists to grant Defendant DLV's request, the Court ORDERS as follows:

1. Subject to the terms and conditions of this Order, the Court hereby authorizes the sale of the Property to SMBC free and clear of the Transfer Restriction Order and any interest of any party to this action.

2. The Court's approval of the sale of the Property as provided herein is conditioned upon completion and closing on the sale by no later than December 31, 2025.

3. Upon completion and closing on the sale, Fidelity National Title Insurance Company, or any other closing agent conducting settlement on the sale of the Property, shall distribute the Net Sale Proceeds (as defined hereinafter) to the Court's Registry by certified check payable to "Clerk of Court, United States District Court, District of New Mexico" within one (1) business day after the completion and funding of the sale. As used herein, the term "Net Sale Proceeds" means the gross proceeds from the sale of the Property less the pay-off of the loan to WestStar Bank; income, costs and charges to be apportioned between buyer and seller under the applicable purchase and sale agreement for the Property, including real estate taxes, utilities, collected rents and other collected amounts under the existing lease of the Property; repairs contractually agreed upon as conditions of the sale; sales commissions; other customary costs payable by seller and listed on the settlement statement for the sale of the Property signed by the seller and SMBC; and any buyer credits, including but not limited to transfer taxes and title costs agreed to be paid by Defendant MCI pursuant to its contract to sell the Property. No other costs associated with the sale (*i.e.* capital gains tax, other claimed liens, etc.) shall be deducted from the proceeds prior to deposit with the Court's Registry without further order of this Court.

4. Upon SMBC's written authorization to the closing agent to release funds from escrow and record the applicable title transfer documents, the Property shall be free and clear of

this litigation, the Transfer Restriction Order, any prior Court order or ruling restricting transfer of ownership or title, and any other interest of any party to this action; provided, however, that the Net Sale Proceeds shall remain subject to the terms and conditions of this Order until the Net Sale Proceeds have been deposited with the Court's Registry. Upon SMBC's written authorization to the closing agent to release funds from escrow and record the applicable title transfer documents, no party to this action shall have any cause of action, claim, counterclaim or any other recourse against the Property, SMBC, or any of SMBC's agents, assigns, attorneys, directors, employees, officers or representatives regarding (i) this Order authorizing sale and purchase of the Property and the subject matter hereof, (ii) any right, title or interest in and to the Property, and (iii) any other cause of action, claim, counterclaim or other recourse relating to the Property and arising prior to the Court's entry of this Order.

5.   If the sale does not take place or the buyer indicates it will not complete the sale before December 31, 2025, Defendant DLV shall file a notice informing the Court.

6.   Upon SMBC's written authorization to the closing agent to release funds from escrow and record the applicable title transfer documents, the Parties to this action shall be deemed to have waived any reconciliation or appeal of this Order authorizing sale and purchase of the Property.

SO ORDERED.

GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

Prepared & submitted by:

*/s/ Ben Furth*
Ben Furth
Paul D. Hibner
The Furth Law Firm, P.A.
780 South Walnut, Bldg. 5
Las Cruces, NM 88001
Telephone: 575-522-3996
Fax: 575-522-5815

Steven S. Scholl
sscholl@dsc-law.com
Dixon•Scholl•Carrillo•P.A.
6700 Jefferson N.E.
Building B Suite 1
Albuquerque, NM 87109
Telephone: 505-244-3890
Facsimile: 505-244-3889

*Attorneys for Plaintiff*

-AND-

Joseph Cervantes
Cervantes Law Firm, P.C.
901 E. University Ave., Suite 965 L
Las Cruces, NM 88001
(575) 526-5600;
joe@cervanteslawnm.com

*Attorneys for Defendants*